# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE COLEMAN, *et al.*, | No. 4:21-CV-00090 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| WESTERN OILFIELDS SUPPLY CO., *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### DECEMBER 6, 2022

Currently pending before the Court is Evergreen Oilfield Solutions, LLC's ("Evergreen") motion to dismiss[1] all claims in Plaintiffs' amended complaint[2] as against Evergreen. This motion, having been fully briefed,[3] is ripe for disposition. For the following reasons, the Court will grant Evergreen's motion.

## I.   BACKGROUND

In March 2019, Willie Coleman was tasked by his employer to set up a functioning gas well at Chief Oil & Gas, LLC's ("Chief") well pad near Wyalusing, Pennsylvania.[4] Evergreen and Western Oilfields Supply Co. ("Western") were allegedly "responsible for containment at the subject well pad, which includes but

---

[1]   Doc. 43.
[2]   Doc. 36.
[3]   Docs. 44, 45, 48.
[4]   Doc. 36 ¶¶ 9-11.

[is] not limited to, preventing contamination of the grounds by laying down a cloth or other substance that covers the grounds to prevent . . . contamination."[5] Containment also involves placing a thick padding on the well pad to prevent heavy pipes and other equipment from sinking into the earth.[6]

Around midnight on March 19, 2019, Coleman and a coworker lifted a heavy pipe on their shoulders and began to move it through the well pad.[7] While Coleman and his coworker were moving the pipe, Coleman's "foot suddenly and without warning fell into a hole or depression then existing on the containment causing him to trip," which resulted in a severely fractured ankle.[8] Due to a lack of lighting at the well pad, and because the hole or depression was covered by the containment cloth, Coleman was unable to see the hole or depression before he stepped into it.[9]

As a result of this incident, on January 15, 2021, Plaintiffs filed a complaint against Chief and Western, alleging that both entities were responsible for containment at the well pad.[10] Chief later filed a motion to dismiss, which this Court converted to a motion for summary judgment and granted judgment in favor of Chief.[11] The Court then granted Plaintiffs' motion to amend their complaint and, on May 12, 2022, Plaintiffs filed an amended complaint that, for the first time, named

---

[5]  *Id.* ¶¶ 12-13.
[6]  *Id.* ¶ 14.
[7]  *Id.* ¶ 17.
[8]  *Id.* ¶¶ 18-19.
[9]  *Id.* ¶¶ 22-24.
[10] Doc. 1.
[11] Docs. 14. 21, 25, 26.

Evergreen as a defendant in this matter, alleging that it was responsible for containment at the well pad.[12]

In July 2022, Evergreen filed a motion to dismiss claims against it as barred by the statute of limitations.[13] Evergreen contends that Coleman was injured in March 2019 and did not name Evergreen as a defendant until May 2022, outside of the two-year statute of limitations applicable here.[14] Plaintiffs respond that their claims against Evergreen relate back to the amended complaint and are therefore timely.[15] Evergreen's motion to dismiss is now ripe for disposition and, for the following reasons, that motion will be granted.

## II.   LAW

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[16] and *Ashcroft v. Iqbal*,[17] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a

---

[12] Doc. 36.
[13] Doc. 43.
[14] Doc. 44.
[15] Doc. 45.
[16] 550 U.S. 544 (2007).
[17] 556 U.S. 662 (2009).
[18] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[19]

## III. ANALYSIS

Evergreen seeks dismissal of all claims against it on the ground that any claims are barred by the relevant statute of limitations.[20] Plaintiffs respond that claims against Evergreen are timely because they relate back to the original complaint,[21] an assertion that Evergreen disputes.[22]

Because this Court sits in diversity, it must apply Pennsylvania's statute of limitations.[23] Pennsylvania law provides that any claims arising out of a personal injury are governed by a two-year statute of limitations, including claims for loss of consortium.[24] There is no dispute here that the events that form the basis of Plaintiffs' claims occurred on March 19, 2019,[25] and the statute of limitations therefore ran on March 19, 2021. Plaintiffs did not file their amended complaint that named

---

[19] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[20] Doc. 44.
[21] Doc. at 45 at 8-10.
[22] Doc. 48.
[23] *Stephens v. Clash*, 796 F.3d 281, 289 (3d Cir. 2015).
[24] 42 Pa. Stat. and Cons. Stat. § 5524(7); *see also Holbrook v. Pa. Dep't of Transp.*, 2022 WL 1262008, at *1 n.2 (Pa. Commw. Ct. 2022) (noting that two-year statute of limitations applies to claims for loss of consortium), *reargument denied* (June 27, 2022).
[25] Doc. 36 ¶ 17.

Evergreen until May 12, 2022, and the claims against Evergreen are therefore facially untimely.

However, Plaintiffs assert that their claims against Evergreen relate back to the original complaint—which was filed within the limitations period—and are therefore timely.[26] Federal Rule of Civil Procedure 15(c) permits an amended complaint that adds a new party to relate back to the original complaint if certain requirements are met. Specifically:

> Rule 15(c) enumerates three distinct prerequisites for an amendment to relate back to the original complaint: (1) the claims in the amended complaint must arise out of the same occurrences set forth in the original complaint, (2) the party to be brought in by amendment must have received notice of the action within 120 days of its institution, and (3) the party to be brought in by amendment must have known, or should have known, that the action would have been brought against the party but for a mistake concerning its identity.[27]

The plaintiff bears the burden of demonstrating that an amendment relates back to the original complaint.[28]

Evergreen concedes that the first requirement of Rule 15(c) has been met, as the claims in the amended complaint arise out of the same occurrences set forth in the original complaint.[29] Evergreen disputes, however, that it received notice of the

---

[26] Doc. 45 at 8-10.
[27] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).
[28] *Anderson v. City of Philadelphia*, 65 F. App'x 800, 802 (3d Cir. 2003).
[29] Doc. 48 at 2.

action within 120 days of its filing or knew or should have known that the action would have been brought against it but for a mistake in its identity.[30]

The Third Circuit has held that "Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect [its] potential involvement as a defendant hears of the commencement of litigation through some informal means."[31] "At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action."[32]

The Third Circuit has endorsed two methods of imputing notice to a defendant where a plaintiff cannot demonstrate that the defendant had actual notice of the suit against it. The first is the "shared attorney" method. That method of imputing notice "is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action."[33] The second method is known as the "identity of interest" method. "Identity of interest generally means that the parties are so closely related in their business

---

[30] *Id.* at 2-4.
[31] *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001).
[32] *Id.*
[33] *Id.* at 196.

operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."[34]

Plaintiffs have failed to meet their burden of establishing that Evergreen had either actual or imputed notice of this action within 120 days of its filing. Although Plaintiffs baldly assert that "Evergreen received notice within 120 days of the action,"[35] that assertion is unsupported by any factual evidence. It appears that Plaintiffs may be conflating notice of the amended complaint with notice of the original complaint. Clearly, Evergreen received notice of the amended complaint within 120 days of its filing, as Evergreen was served with the amended complaint on May 24, 2022, only twelve days after the amended complaint was filed.[36] However, the requisite notice must be of the original complaint, not the amended complaint,[37] and there is no indication whatsoever that Evergreen was placed on actual notice within 120 days of the initiation of this litigation in January 2021.

Furthermore, there is no evidence to support the notion that notice should be imputed to Evergreen. First, neither Evergreen, Western, nor Chief share attorneys or law firms, and knowledge therefore cannot be imputed through the "shared attorney" method. Second, there is no evidence "that the parties are so closely related

---

[34] *Id.* at 197 (internal quotation marks omitted).
[35] Doc. 45 at 9.
[36] Doc. 38 at 1.
[37] *See Singletary*, 266 F.3d at 195 (noting that "notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of *the commencement of litigation* through some informal means" (emphasis added)).

in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."[38] To the contrary, there does not appear to be any special relationship between any of the current or former defendants, or any relationship at all beyond a contractual one where Chief engaged Western and Evergreen to help maintain the well pad. Because Plaintiffs have failed to demonstrate any close relationship between Evergreen and the other past or current defendants, notice may not be imputed through the "identity of interest" method.

Consequently, Plaintiffs have not established the second prong of the test required to relate its amended complaint back to the original complaint, and any claims against Evergreen are barred by the statute of limitations.

Although Plaintiffs do not raise allegations of fraudulent concealment in their response to the motion to dismiss, Evergreen addresses this issue in its reply brief and, out of an abundance of caution, the Court will assess whether Plaintiffs have demonstrated fraudulent concealment sufficient to toll the statute of limitations. The doctrine of fraudulent concealment applies "[w]here, through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry," and, when such actions occur, "the defendant is estopped from invoking the bar of the statute of limitations."[39] "Moreover, [a] defendant's conduct need not

---

[38] *Id.* at 197 (internal quotation marks omitted).
[39] *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 248 (Pa. 2021) (internal quotation marks omitted).

rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment is sufficient."[40] "Mere mistake, misunderstanding or lack of knowledge is insufficient however, and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party."[41] For the doctrine to apply, the "defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied."[42]

Plaintiffs fail to point to any evidence that Evergreen committed any independent act of concealment or fraud to hide its identity from Plaintiffs. At most, Plaintiffs demonstrate that other defendants failed to inform Plaintiffs of Evergreen's identity. However, "mere silence in the absence of a duty to speak cannot suffice to prove fraudulent concealment."[43] Moreover, even if there had been some fraud, misrepresentation, or concealment, there is no evidence that Plaintiffs justifiably relied upon that concealment. To the contrary, Plaintiffs acknowledge that Western informed Plaintiffs that their allegations regarding responsibility for containment referred to a party other than Western.[44] Accordingly, Plaintiffs have failed to prove by clear and convincing evidence that the doctrine of fraudulent concealment applies, and Evergreen is not estopped from invoking the statute of limitations.

---

[40] *Id.* (internal quotation marks omitted).
[41] *Id.* (internal citations and quotation marks omitted).
[42] *McClean v. Djerassi*, 84 A.3d 1067, 1070 (Pa. Super. Ct. 2013).
[43] *Id.*
[44] Doc. 145 at 6.

Plaintiffs' claims against Evergreen are therefore barred by the statute of limitations, and the motion to dismiss will be granted.

## IV.  CONCLUSION

For the reasons stated herein, Evergreen's motion to dismiss all claims against it is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge